OPINION
In July of 1999, the Canton Police Department began to emphasis enforcement of noise regulation. The program was in response to community complaints about excess noise. On July 15, 1999, at 8:35 p.m., Officers Mercorelli and Heslop of the Canton Police Department were on duty in the City of Canton. The officers were particularly alert for excessive noise. The area in which they were located is considered a "bad area," with high drug activity and weapons, and there had been reports of shots fired. As the officers were parked in the marked cruiser by the side of the road, they heard a vehicle approaching with loud music playing. The music was audible from at least 100 feet away, while the vehicle was still out of sight around the bend in the road. The noise ordinance required that the noise abate at 50 feet. When the car came into view, Officer at Mercorelli pulled the police cruiser out behind it and initiated a traffic stop. After the vehicle pulled to the side of the road, Officer Mercorelli approached the driver's side, while Officer Heslop approached the passenger side. Officer Mercorelli asked the driver, later identified as appellant Adrian Stephens, for his driver's license, proof of insurance, and registration. Appellant was hesitant to answer, and would not make eye contact with the officer. Appellant stated that he did not have identification. He immediately reached for the glove box of the car, and began to go through the contents in an aggressive manner. Officer Mercorelli asked appellant to step out of the car. Appellant refused to comply, but continued to go through the glove box of car. Appellant continued to avoid eye contact. After the third request, appellant finally got out of the car. At this point, the officers believed the situation represented a potential threat to their safety: the area was known for high-drug activity and violence, including recent reports of shots fired; appellant was unable to provide identification; when asked for identification, appellant appeared hesitant, avoided eye contact, and immediately began aggressively rummaging through the glove box; and when asked to step out of the car, appellant had to be ordered three times before he complied. Based on these observations, the officers determined the situation warranted a cursory pat-down for weapons, and cursory check of the interior of the car to insure against the presence of any weapons in the area under the driver's control, before they would allow appellant to get back into the car. Appellant orally gave the officers his name, and stated that he could not produce identification. Appellant was then advised that he was under arrest for failing to display a driver's license. The officers handcuffed appellant and placed him in the back of the cruiser. Officer Heslop began to conduct what he considered a preliminary inventory search of the car. He began with the area under the immediate control of the driver. After checking the glove box where appellant had been reaching during the initial encounter, he continued to the floor in that vicinity. Under the front passenger seat of the car, the officer observed an open shopping bag. He pulled the bag from under the seat, looked inside, and saw two plastic bags containing what appeared to be crack-cocaine, and a razor blade. Appellant was then arrested for a drug offense.
Appellant was indicted by the Stark County Grand Jury with one count of possession of cocaine in violation of R.C.2925.11. Appellant filed a motion to suppress the physical evidence, on the basis that because the arrest for failing to produce an operator's license was invalid, the search was not a proper search incident to a lawful arrest. The court overruled the motion to suppress, finding that a search of the area within the driver's control was justified for the safety of the officers. Appellant then entered a plea of no contest, and was convicted. He was sentenced to a three-year term of incarceration. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE COURT COMMITTED REVERSIBLE ERROR IN DENYING THE APPELLANT'S MOTION TO SUPPRESS AS THERE WAS NO PROBABLE CAUSE TO ARREST APPELLANT FOR FAILURE TO DISPLAY AN OPERATOR'S LICENSE.
Appellant argues that the court erred in overruling the motion to suppress, as the officers did not have probable cause to arrest him for failure to display an operator's license. The court did not reach this issue, finding that the search of the vehicle in the immediate area of the driver was justified based on the concerns of the officers for their safety. We agree. The first question is whether the officers had a reasonable, articuable suspicion of criminal activity justifying the stop of the vehicle for violation of the noise ordinance. The officers testified that they were alert for noise violations due to community complaints, and that the noise from appellant's car was audible from at least 100 feet away. Appellant did not dispute this testimony. Accordingly, the trial court properly found that the traffic stop was valid. An officer may order the driver of a lawfully stopped car to exit the vehicle based on consideration of the officer's safety. Pennsylvania v. Mimms (1977), 434 U.S. 106. This order to step out of the car does not need to be justified by any constitutional quantum of suspicion. State v. Evans (1993),67 Ohio St.3d 405, 408. The officers were authorized to search the passenger compartment of the vehicle for weapons if they possessed a reasonable and articulable suspicion that appellant was dangerous and might gain immediate control of weapons located there when he returned to the car. Michigan v. Long (1983),463 U.S. 1032. Whether the officers possessed such suspicion must be determined from the totality of the circumstances before the officers at the time of the encounter. State v. Freeman (1980),64 Ohio St.2d 291. As articulated by Officers Mercorelli and Heslop, appellant was stopped in a high-crime area, he could not produce a driver's license or other identification, he had hesitated to identify himself, he avoided eye contact with the officers, he disregarded two orders to step out of his car, and he rummaged through his glove box in what appeared to be an aggressive manner. Based on the totality of the circumstances before the officers at the time of the stop, they had a reasonable and articulable suspicion justifying a limited protective search of the interior area of the car within the reach of appellant. In the area under the front passenger seat, within the reach of appellant, the cocaine was discovered.
The assignment of error is overruled. The judgment of the Stark County Common Pleas Court is affirmed.
 ________________________ Hoffman, P.J.,
Reader, V.J., and Wise, J., concur